## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

MARGARITO CRUZ
7542 Abbington Drive
Oxon Hill, MD 20745

MARIA B. AMAYA
7542 Abbington Drive
Oxon Hill, MD 20745

FELIX ARTEAGA
7542 Abbington Drive
Oxon Hill, MD 20745

      Plaintiffs,

v.

Case No. CAL09-37223

U.S. BANK, N.A.
800 Nicollet Mall
Minneapolis, MN 55402

    Serve: Richard Davis, CEO
         800 Nicollet Mall
         Minneapolis, MN 55402

         Andrew Cecere, CFO
         800 Nicollet Mall
         Minneapolis, MN 55402

ACCREDITED HOME LENDERS, INC.
P.O. Box 501910
San Diego, CA 92150

    Registered Agent:    The Corporation Trust Incorporated
                      300 E. Lombard Street
                      Baltimore, MD 21202

CITIGROUP MORTGAGE LOAN TRUST, INC. ASSET-
BACKED PASS-THROUGH CERTIFICATE SERIES
2007-AMC1 fka CITIGROUP MORTGAGE LOAN TRUST,
INC. ASSET-BACKED PASS THROUGH CERTIFICATE
SERIES 2007-AHL1

    Serve: Citigroup Mortgage Loan Trust, Inc. Asset-Backed
         Pass-Through Certificate Series 2007-AMC1
         390 Greenwich Street

*(right margin, vertical text)* 2009 NOV 20 PM 4:11  Clerk of the Circuit Court

New York, NY 10013                                    *
                                                      *
AMERICA'S SERVICING COMPANY        ●                  *
19785 W. 12 MILE ROAD                                 *
SOUTHFIELD, MI 48076                                  *
                                                      *
    Serve: Urika Ramseur                              *
        19785 W. 12 Mile Road #358                *
        Southfield, MI 48076                      *
                                                      *
        John G. Stumpf                            *
        420 Montgomery Street                     *
        San Francisco, CA 94104                   *
                                                      *
        Paul Ackerman                             *
        420 Montgomery Street                     *
        San Francisco, CA 94104                   *
                                                      *
WELLS FARGO BANK, N.A.                                *
P.O. Box 4900-Dept 303             ●                  *
Scottsdale, AZ 85261                                  *
                                                      *
    Serve: John G. Stumpf                            *
        420 Montgomery Street                     *
        San Francisco, CA 94104                   *
                                                      *
        Paul Ackerman                             *
        420 Montgomery Street                     *
        San Francisco, CA 94104                   *
                                                      *
EMBASSY MORTGAGE, INC.                               *
8807 Colesville Road, 4th Floor                       *
Silver Spring, MD 20910                               *
                                                      *
    Registered Agent:  Jon D. Pels                   *
                51 Monroe Street, Suite 1800              *
                Rockville, MD 20850                       *
                                                      *
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.,   *
1818 Library Street                                   *
Reston, VA 20190                                      *
                                                      *
    Serve: R.K. Arnold                               *
        1818 Library Street, Suite 300            *
        Reston, VA 20190                          *
                                                      *
        Dan McLaughlin                            *
        1818 Library Street, Suite 300            *

Reston, VA 20190

Buonassissi, Henning & Lash, P.C.
1861 Wiehle Avenue, Suite 300
Reston, VA 20190

    Registered Agent:    Richard A. Lash, Esquire
                              1861 Wiehle Avenue, Suite 300
                              Reston, VA 20190

UNIVERSAL TITLE OF VIRGINIA
7611 Little River Turnpike Suite 201 W
Annandale, VA 22003

    Serve: David V. Mason
           7611 Little River Turnpike, Suite 201W
           Annandale, VA 22003

And

CRAIG A. PARKER
Original Trustee

And

DIANE S. ROSENBERG
Original Trustee

## COMPLAINT

COMES NOW, Plaintiffs, Margarito Cruz, Maria B. Amaya and Felix Arteaga

(hereinafter "Plaintiffs"), by and through Jose Martin Blanco, Esquire, and the Law Office of

Property & Estate Law, PLC, his attorneys, and for his Complaint states as follows:

## PARTIES

1.    Plaintiffs are residents of the State of Maryland, and are lawful title holders of

7542 Abbington Drive, Oxon Hill, MD 20745 (hereinafter, the "Property").

3

2.     Defendant Accredited Home Lenders, Inc. (hereinafter "AHL") is a California corporation whose principal place of business is located on 15030 Avenue of Science #100, San Diego, CA 92128.  Defendant AHL is authorized to and regularly does transact business in the state of Maryland, including originating mortgages on real property in the state, specifically including the Property.

3.     Defendant U.S. Bank, N.A. as Trustee, etc. (hereinafter "US BANK"), upon information and belief is a federally chartered bank, whose principal place of business is located in Minneapolis, MN.  Defendant US BANK regularly transacts business in the state of Maryland including buying, selling and/or securitizing mortgages on property located in the state, specifically including the Property.

4.     Defendant Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates Series 2007-AMC1 fka Citigroup Mortgage Loan Trust Inc., Asset Backed Pass-Through Certificate Series 2007-AHL1 (hereinafter "CITI TRUST") is an incorporated association formed under the laws of New York. Defendant CITI TRUST does business in the state of Maryland, including buying, selling and/or securitizing mortgages on property located in the state, specifically including the Property.

5.     Defendant Wells Fargo Bank, N.A. (hereinafter "WELLS FARGO") is federally chartered bank under the laws of the State of South Dakota.  Defendant WELLS FARGO's principal place of business is located in San Francisco, CA.  Defendant WELLS FARGO is licensed to and regularly does transact business in the state of Maryland including buying, selling, securitizing and/or servicing mortgages on property located in the state, specifically including the Property.

6.     Defendant America's Servicing Company (hereinafter "ASC"), is a mortgage servicing arm of Defendant Wells Fargo. Defendant ASC's principal place of business is located

4

in Southfield, MI. Defendant ASC is licensed to and regularly does transact business in the state of Maryland including buying, selling, securitizing and/or servicing mortgages on property located in the state, specifically the Property.

7.    Defendant Embassy Mortgage, Inc. (hereinafter "EMBASSY"), is a Maryland corporation whose principal place of business is located in Silver Spring, MD. Defendant EMBASSY is licensed to and regularly does transact business in the state of Maryland including serving as the lender or originator of property loans, specifically including the Property.

8.    Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), is a Delaware corporation. MERS' principal place of business is located in Reston, VA. Defendant MERS regularly transacts business in the state of Maryland, including the electronic registration and transfer of mortgages, specifically including the Property.

9.    Defendant Buonassissi, Henning & Lash, P.C. (hereinafter "BH&L"), based on information and belief, is a professional corporation existing and organized under the laws of the Commonwealth of Virginia. Defendant BH&L's principal place of business is located in Reston, VA. BH&L is licensed to and regularly does transact business in the state of Maryland.

10.    Defendant Universal Title of Virginia (hereinafter "UNIVERSAL"), is a Virginia Corporation. Defendant UNIVERSAL's principal place of business is located in Annandale, VA. Defendant UNIVERSAL is a business entity licensed to and regularly engaged in closing loans in the state of Maryland. Defendant UNIVERSAL conducted the closing for Plaintiffs.

11.    Defendant Craig A. Parker and Diane S. Rosenberg (hereinafter "PARKER/ROSENBERG"), based on information and belief, are individuals licensed to and regularly transact in business in the state of Maryland. Defendants PARKER/ROSENBERG are listed as original trustees on the Deed of Trust.

5

## JURISDICTION AND VENUE

12. This Court may exercise personal jurisdiction over Defendants in this action because they transacted business, including the transactions at issue in the present matter, within the state of Maryland.

13. Venue is appropriate in this Court pursuant to Md. Code Courts and Judicial Proceedings Articles §6-201 and §6-202 because Prince George's County, Maryland is the county in which the property at issue is located.

## FACTS

14. On July 27, 2006, Plaintiffs purchased the Property located at 7542 Abbington Drive, Oxon Hill, MD 20745.

15. To effectuate the purchase, Plaintiffs executed one (1) promissory note and one (1) deed of trust as security interests on the property.

16. At closing, Plaintiffs signed a "Deed of Trust" and Promissory Note, which named AHL as Lender, PARKER/ROSENBERG as Trustee, and MERS as Beneficiary.

17. The Promissory Note was for the amount of $400,000.00

18. After executing the loan documents, Plaintiffs began making loan payments to AHL.

19. Plaintiffs are the owners and title-holders of the Property.

20. In 2008, Plaintiff began receiving demands for payment and threats of foreclosure from Defendants Buonassissi, Henning & Lash, PC (hereinafter "BH&L"), substitute trustees, WELLS FARGO, and ASC, the current servicer.

21. Plaintiffs do not know when the "servicing" of the subject loan was transferred to ASC.

6

22. Upon information and belief these demands were sent on behalf of Defendant WELLS FARGO, as Investor and Trust Administrator, jointly and severally, and/or Defendant US BANK, as Trustee for Defendant CITI TRUST.

23. Defendants WELLS FARGO, US BANK, and ASC have no authority to enforce the obligation under the Note and/or Deed of Trust.

24. Defendants BH&L, "substitute trustee," Keith M. Yacko, "sole acting substitute trustee," and ASC, by and through Buonassissi, et al, in violation of the Fair Debt Collections Practices Act and/or extortion laws, sent a number of communications to Plaintiffs demanding payment, declaring default and acceleration on the Note, and threatening Plaintiffs with foreclosure if they failed to pay, when none of these Defendants had any right to enforce any alleged obligation of Plaintiff to AHL.

25. Plaintiff alleges that each of the Defendants' claim of interest in the property, including Defendant MERS, is adverse to those of Plaintiff and that Defendants are without standing and legal authority to exercise any claim on the subject property, and that such claims, if any, are subject to being "quieted."

26. Upon information and belief, Defendants, including MERS, have no legal or equitable right, claim or interest in said real property as the obligation has been extinguished, has been satisfied, is void, or has been split from the Deed of Trust resulting in an unsecured Note or obligation, voiding the security interest in the Property.

27. Defendants US BANK and WELLS FARGO, by and through Defendant BH&L, by letter dated August 21, 2009, advised Plaintiffs that their home would be foreclosed on September 11, 2009 at 2:37 pm. Upon information and belief, foreclosure was stopped and the loan was reviewed by Wells Fargo's loan mitigation department.

28. Defendant US BANK and WELLS FARGO, by and through Defendant BH&L, by letter dated October 6, 2009, advised Plaintiffs that their home would be foreclosed on October 16, 2009 at 3:06 p.m.

29. Defendant US BANK, in violation of its fiduciary and impartial obligations under the first trust deed of trust has failed to perform any due diligence to ensure that the entity (albeit unknown) invoking the power of sale under the Deed of Trust actually has the authority and standing to do so.

30. To create the appearance of authority to conduct the scheduled foreclosure Defendant US BANK, WELLS FARGO, CITI TRUST and BH&L, executed, notarized, and filed with the land records a "Deed of Appointment of Substitute Trustee" dated May 8, 2009.

31. The Deed of Appointment of Substitute Trustee states:

> WHEREAS, the Deed of Trust provides inter alia, that the holder of the Note thereby secured may remove and substitute trustees at any time; and
>
> WHEREAS the party of the first part intends to exercise the power of removal and substitution as provided in the Deed of Trust.

32. Nowhere on the Deed of Trust is that language found or supported.

33. Defendant BH&L has filed *hundreds* of Deeds of Appointment of Substitute Trustee with this County's Land Records substituting themselves as "Trustee" or "Substitute Trustee," citing this same fallacious language that is completely unsupported by the Deed of Trust or Maryland law, permitting them to proceed to foreclosure on property in this County.

34. The Deed of Trust clearly states in paragraph twenty-four (24) that the "Lender" may remove and appoint substitute trustees.

35. In the Deed of Substitute Trustee Barrett Herndon, alleged VP of Wells Fargo, asserts under oath that he is executing the Deed of Appointment of Substitute Trustee on behalf of Wells Fargo, appointing Joseph V. Buonassissi, II, Richard E. Henning Jr., Richard A. Lash,

8

Keith M. Yacko, Brian S. McNair, James J. Inabinett, Jr. and David A. Rosen Trustees, affiliates

of the law firm of Buonassissi, Henning & Lash, P.C., as trustee; and further asserts that WELLS

FARGO is the authorized agent of US BANK; that US BANK is trustee to Defendant CITI

TRUST, which is itself perhaps purportedly acting on behalf of unknown, undetermined, and

undisclosed certificate holders.

36. By the language contained in the Deed of Trust itself, Defendant US BANK does

not qualify as the "Lender."

37. By the language contained in the Deed of Trust itself, Defendant WELLS

FARGO does not qualify as the "Lender."

38. By the language contained in the Deed of Trust itself, CITI TRUST does not

qualify as the "Lender."

39. And certainly by the language contained in the Deed of Trust itself, The

certificate holders of *any* mortgage backed securities conduit or securitized mortgage loan trust

do not qualify as the "Lender."

40. Defendant BH&L, in violation of its fiduciary and impartial obligations under the

subject deed of trust have failed to perform any due diligence to ensure that the entity (albeit

unknown) invoking the power of sale under the Deed of Trust actually has the authority and

standing to do so.

41. Further, Defendant BH&L, has failed to maintain its impartiality or conducted

reasonable due diligence to perform its own functions.

42. Specifically, Defendant BH&L, asserts without establishing its authority to so do,

that it has prepared the Deed of Appointment of Substitute Trustee.

43. In so doing, it impliedly asserts that WELLS FARGO is US BANK's authorized

servicing agent; that it is authorized to act as "attorney-in-fact" for CITI TRUST; that US BANK

.is authorized to act as trustee to CITI TRUST in the capacity that authorizes it to remove and appoint substitute trustees; and that CITI TRUST has *any* authority to act given it is a loan trust that has issued certificates to unknown, undetermined, unidentified, and undisclosed certificate holders.

44. Essentially, Defendant BH&L has accepted, without question, the authority of Barrett Herndon to sign on behalf of WELLS FARGO, WELLS FARGO to sign on behalf of US BANK; that WELLS FARGO is authorized to act as "attorney-in-fact" for US BANK; that US BANK has authority to act as trustee for CITI TRUST; and that CITI TRUST has authority to enforce the Deed of Trust on behalf of the unknown, undetermined, unidentified, and undisclosed certificate holders; AND most importantly, that this daisy and flimsy chain of authority is allowed under the Deed of Trust which is the subject of this litigation.

45. Whatever contractual arrangement 3rd parties enter into with respect to their securitization of the subject Note is their business.

46. However, Plaintiffs are parties to a security instrument, a contractual agreement called the Deed of Trust. No actions of 3rd parties may amend or change the terms of the contract to which Plaintiffs are parties without their consent.

47. Further, whatever arrangements these 3rd parties may have regarding their contractual arrangements amongst themselves, have nothing to do with the obligations Plaintiffs may have under the Deed of Trust.

48. Simply put, there is no privity or indicia of privity in contract between Plaintiffs and those entities that wish to effectuate a foreclosure against Plaintiffs' home.

49. To put it more succinctly, Defendants do not have standing or indicia of standing to conduct their concerted activities in furtherance of their extortion activities.

10

50. Once Plaintiffs refused to pay, Defendants threatened foreclosure of Plaintiffs' Property.

51. Clearly, instead of looking out for the best interests of all involved in an impartial manner, Defendant BH&L, substitute trustee, in a clear breach of its fiduciary obligations, only looked out for the best interests of Defendants US BANK, WELLS FARGO, ASC, CITI TRUST, MERS and the unknown, undetermined, unidentified, and undisclosed certificate holders.

52. By proceeding with the aforementioned demands for payment, threats of foreclosure, and the order to docket foreclosure for October 16, 2009 at 3:06 pm, Defendants US BANK, WELLS FARGO, ASC, CITI TRUST, MERS and BH&L are, and were at all times material herein, in violation of the FDCPA and engaging in extortion by demanding money from Plaintiffs when no debt is owed.

53. By proceeding with the aforementioned demands for payment Defendants US BANK, WELLS FARGO, CITI TRUST, ASC and BH&L engaged in extortion by demanding money from Plaintiff when no debt was owed or, in the alternative, the security interest was unenforceable.

54. Defendant BUONASSISI ET AL, as substitute trustees, are in breach of their fiduciary duty to Plaintiff to remain impartial as required by Maryland law.

55. Plaintiff disputes any debt is owed to Defendant WELLS FARGO, US BANK, CITI TRUST, ASC, AHL, BH&L or any other Defendant.

56. On or about June 1, 2006, Plaintiff contacted Defendant EMBASSY in to apply for a mortgage loan.

11

57. Floridely Cespedes (hereinafter "Ms. Cespedes"), an employee and licensed broker for Defendant EMBASSY, subsequently completed Plaintiff's Uniform Residential Loan Application (hereinafter "URLA").

58. Leading up to the settlement of the Plaintiff's loans on the Property, Plaintiff was the victim of fraud by Ms. Cespedes, individually and in concert with each other and in concert with other agents, servants and employees of Defendant EMBASSY, and Defendant US BANK. Defendant US BANK is now and was then responsible for having measures in place to ensure that its agents and loan brokers were following its guidelines and all state and federal laws.

59. Ms. Cespedes, Loan Officer, was employee/agent of Defendant EMBASSY and upon information and belief, inflated or caused to be inflated Plaintiff's property value as well as Plaintiff's monthly income on the URLA in an effort to ensure that Plaintiff qualified for the loan and ensure that each of them and other agents, servants and employees of Defendant EMBASSY and/or Defendants AHL and US BANK realized substantial commissions and fees that were, ultimately, a cost to Plaintiff in his interest rate and/or finance charges.

60. Moreover, on or about June 1, 2006, while acting as a mortgage broker, Defendant EMBASSY, by and through its agents, servants and employees, including Ms. Cespedes, prepared the URLA, obtained information from the Plaintiff as to credit, income, assets, bank accounts, credit scores, etc. and altered or misrepresented same, and submitted said altered or misrepresented information and said application to Defendant AHL and/or Defendant US BANK in order to qualify the Plaintiff for financing on the Property.

61. According to a copy of the URLA provided to Plaintiff at Settlement, Defendant EMBASSY, by and through its agents, servants and employees, including Ms. Cespedes, reported that Plaintiff earned $8,399 a month in gross income.

12

62. Plaintiff at all times relevant to this Complaint and the loan transactions applicable to the Property, alleges in good faith that he was earning approximately $3,000 a month in gross income.

63. Defendant AHL, upon information and belief, acting by and through its agents, servants and employees, including Ms. Cespedes, accepted and/or altered, and submitted a fraudulent URLA on behalf of the Plaintiff, despite the existence and availability of tax returns to verify the income of the Plaintiff, and qualified the Plaintiff for the loan to ensure that those involved in the transaction realized substantial commissions and fees.

64. The original putative Lenders, Defendants AHL and US BANK, accepted the fraudulent URLA from Defendant EMBASSY, while knowing, or having reason to know, that the loan application was false, and failed in their duty to ensure that the loan was in compliance with their own lending guidelines, as well as state and federal laws.

65. In addition, Plaintiff's copy of the URLA also shows Plaintiff as having two bank accounts with Chevy Chase Bank, account numbers 095336558-1 and 3596102057, with a combined balance of $28,781.86.

66. While Plaintiff did have the two accounts at Chevy Chase Bank, Plaintiff did not have that balance in his accounts.

67. In fact, prior to completing Plaintiff's URLA, Ms. Cespedes alleged she would deposit the alleged amount by depositing her own money in Plaintiff's account. Plaintiff in good faith alleges that said amount was never deposited into his account and no such balance was ever present said accounts.

68. An inspection of the URLA will show that the asset information contained in the URLA is not the same as the information that Plaintiff alleges she verified orally and on paper.

13

. The signature date on the URLA is July 27, 2006, the date of closing, not the date of the interview and/or the date that the URLA was prepared.

69. A mortgage broker and/or lender is required to provide a mortgage loan applicant with a Good Faith Estimate within three (3) days of the completion of his/her loan application that discloses to the applicant a list of costs and fees associated with the applicant's loan. Plaintiff never received a Good Faith Estimate from Mr. Cespedes or Defendants EMBASSY or AHL after the completion of Plaintiff's URLA.

70. At all times herein, Plaintiff alleges in good faith, as an unsophisticated and non-English speaking borrower, she was never informed of the terms and conditions of the Promissory Note, specifically that it had an interest rate that could vary between 9.190% and 16.190%. The interest rate was fixed for two years with a monthly payment of approximately $3,144. On August 1, 2008, the interest rate on the note adjusted and Plaintiff's monthly payment increased.

71. In furtherance of the non-disclosure and/or explanation by any Defendant in this action of the terms or conditions of the Promissory Note, Plaintiff, as an unsophisticated and non-English speaking borrower, was never made aware that his interest rate on the Note would change.

72. Upon information and belief, Defendant US BANK was aware that Defendant EMBASSY (and many other mortgage brokers submitting loans to Defendant US BANK) was engaging in a pattern and practice of fraud, malfeasance, and abuse when it came to submitting loan applications for minority (i.e. Hispanic, Asian) applicants for mortgage loans.

73. Also, upon information and belief, Defendants EMBASSY, AHL and US BANK, acting by and through their agents, servants and employees, utilized, on a regular basis, the United States Postal Service's mail delivery services, other interstate commercial delivery

14

services (such as FedEx, UPS, etc.), interstate telephone lines, interstate facsimile transmissions and/or forms of interstate electronic transmissions in order to exchange between themselves these fraudulent loan applications and other documents, including committing such or similar acts in originating, approving, closing and funding of the Plaintiff's loan transactions.

**COUNT I**
(VIOLATION OF THE FDCPA)
Fair Debt Collection Practices Act ("FDCPA")
15 U.S.C. § 1692 et seq. (2000)

74. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 73 of the Complaint as if stated fully herein.

75. Without the authority to so act, WELLS FARGO, US BANK, CITI TRUST, ASC, AHL and unknown, undetermined, unidentified, and undisclosed certificate holders have engaged in practices that violate the Fair Debt Collection Practices Act, as these Defendants do not have the right or authority to enforce the obligation, or in the alternative, the obligation has been extinguished, satisfied, or has been split from the Deed of Trust resulting in an unsecured Note.

76. In the alternative, were WELLS FARGO, US BANK, CITI TRUST, AHL, ASC, BH&L and unknown, undetermined, unidentified, and undisclosed certificate holders, acting at the behest of another unknown entity, their actions are still in violation of the FDCPA as that entity does not have the right or authority to enforce the obligation, or in the alternative, the obligation has been extinguished, satisfied, or has been split from the Deed of Trust resulting in an unsecured Note, or was acquired after an alleged declaration of default.

WHEREFORE, Plaintiff respectfully requests that this court award the maximum statutory damages under Fair Debt Collection Practices Act against Defendants WELLS FARGO, US BANK, CITI TRUST, AHL, ASC, BH&L and unknown, undetermined,

15

unidentified, and undisclosed certificate holders for each Defendant's violation of the FDCPA, and award her reasonable attorney's fees, costs, and punitive damages.

## COUNT II
### (DECLARATORY JUDGMENT)
MD Code, Courts and Judicial Proceedings, §3-406

77. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 76 of the Complaint as if stated fully herein.

78. Defendants have no legal or equitable right or interest in the Promissory Note and/or Deed of Trust, or in the alternative, the obligation has been extinguished, satisfied, is void, or has been split from the Deed of Trust resulting in an unsecured Note.

79. Defendants have no standing or injury to establish standing to effectuate a valid and legal foreclosure.

80. Defendants have no privity of contract with Plaintiff to establish a claim of outstanding debt obligations which would allow them to effectuate a valid and legal foreclosure on Plaintiff's Property.

WHEREFORE, Plaintiff respectfully requests that this Court declare that, as a result of the securitization process to which the Promissory Note has been subjected, the Defendants have no legal or equitable interest in the Property, have no standing or injury to establish standing, have no privity of contract with Plaintiff, have no authority to enforce the security instrument and/or Promissory Note.

## COUNT III
### (BREACH OF FIDUCIARY DUTY)

81. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 80 of the Complaint as if stated fully herein.

82. Defendant BH&L owed the duties of impartiality and the ordinary care of a fiduciary to the Plaintiff, but each engaged in collection efforts against the Plaintiff for an alleged default under the Promissory Note.

83. Defendant BH&L failed to perform reasonable due diligence when the request to proceed to foreclose was made by Defendant WELLS FARGO, US BANK, CITI TRUST, AHL, ASC, MERS, and unknown, undetermined, unidentified, and undisclosed certificate holders, or other unknown entity in violation of their duties of impartiality and ordinary care of a fiduciary.

84. Defendant BH&L have engaged in extensive efforts to collect an alleged obligation from Plaintiff and have wrongfully effectuated a foreclosure on Plaintiff's home in further violation of said duties.

WHEREFORE, Plaintiff respectfully requests that this court award her damages against Defendant BH&L, jointly and severally, in the amount of $400,000.00, plus reasonable attorney's fees and costs.

## COUNT IV
### (QUIET TITLE)

85. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 84 of the Complaint as if stated fully herein.

86. Plaintiff is the only party to this matter that can prove legal and equitable ownership interest in the Property.

87. Plaintiff therefore seeks a declaration that the title to the Property is vested in Plaintiff alone, free of the lien(s) of the Deed(s) of Trust, and that the Defendants herein, jointly and severally, be declared to have no estate, right, title or interest in the subject property, and, further, that said Defendants be forever enjoined from asserting any estate, right, title or interest in the Property adverse to Plaintiff herein, and award her reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Quieting Title in the name of Plaintiff alone, and award her reasonable attorney's fees and costs.

### COUNT V
### (FRAUD)

88. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 87 of the Complaint as if stated fully herein.

89. This action will determine the rights of the parties to the Property.

90. Defendant WELLS FARGO by and through Defendant BH&L effectuated a foreclosure against Plaintiffs' Property stipulating in their DEED OF SUBSTITUTE TRUSTEE that

> "...WHEREAS, the Deed of Trust provides inter alia, that the holder of Note thereby secured may remove and substitute trustees at any time..."

91. The aforementioned stipulation contained in the DEED OF SUBSTITUTE TRUSTEE is *NOWHERE* to be found on the Deed of Trust.

92. Based on such misrepresentations, Defendants WELLS FARGO and BH&L, fraudulently misrepresented and ascertained their authority to conduct a foreclosure.

93. The Deed of Trust, if anything, mentions only the "Lender" as having any such authority.

94. Defendants, by their misrepresentations and without establishing their standing, or demonstrating to the Plaintiffs, and the Judicial system and the Courts of the State of Maryland, that Defendants are the true parties in interest, have fraudulently set themselves up as having the right to commence or effectuate foreclosures in the State of Maryland.

18

95.  In submitting sworn and notarized documents to the Land Records of the Circuit Court, Defendant WELLS FARGO and BH&L have perpetrated a fraud upon the Plaintiff, the Court, and the residents of the this County.

WHEREFORE, Plaintiff respectfully requests that this Court award him/her/them damages in the amount of $100,000.00, attorney's fees, costs and punitive damages.

## COUNT VI
### (Common Law Fraud – Fraud in the Inducement)

96. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 95 of the Complaint as if stated fully herein.

97. Mr. Cespedes and Defendants EMBASSY, AHL, US BANK, and potential certificate holders expressly or impliedly represented to the Plaintiff that they would secure for Plaintiff the most affordable loan available to him by accurately accounting for his monthly and yearly income.

98. The requirements for Common Law Fraud are:

a.    a false statement of material fact ;

b.    the party making it knew or believe it to be untrue;

c.    the party to whom the statement was made had a right to rely on the statement;

d.    the party to whom the statement was made did rely on the statement;

e.    the statement was made for the purpose of inducing the other party to act; and

f.    the reliance by the person to whom the statement was made led to that party's injury.

19

99. Mr. Cespedes in concert with Defendants EMBASSY, AHL, US BANK and potential certificate holders meet each and every one of these common law fraud elements. Specifically, a) they made several false statements of material fact by failing to provide an accurate Good Faith Estimate, falsely completing the URLA as to monthly salaries actually earned by the Plaintiff, inaccurate bank account balances in the perpetration of Bank Fraud, and indicating that the Plaintiff procured and was given an affordable loan; b) Mr. Cespedes in concert with Defendants EMBASSY, AHL and US BANK knew their assertions were NOT true; c) the Plaintiff, a non-English speaking hard working individual and interested borrower, had a right to rely on their statements; d) the Plaintiff did rely on Defendants' statements; e) the Plaintiff was induced to act on the false statements of material fact made by Mr. Cespedes in concert with Defendants EMBASSY, AHL and US BANK; and f) the Plaintiff has been materially, substantially, and irrevocably injured by the misrepresentations of Defendants. By providing incentives for and regularly and knowingly accepting the "fruits of the fraud", Mr. Cespedes in concert with Defendants EMBASSY, AHL and US BANK directly participated in the fraudulent scheme.

100.    Further, by not disclosing the adjustable rate nature of those loans, Defendants instead created the false impression that Borrowers were given the most affordable loan for their circumstances, when in reality they obtained for the Plaintiff, loans that Plaintiff could not ultimately afford. In fact, Mr. Cespedes in concert with Defendants EMBASSY, AHL and US BANK, intended to obtain for the Plaintiff a higher rate than was available from the lender simply so that Mr. Cespedes and Defendants EMBASSY, AHL and US BANK, and their agents and co-conspirators could earn for themselves a higher "kickback", "referral fee" or yield spread premium, or higher credit enhancement returns for their REMIC at the expense of the Plaintiff.

20

101.    Mr. Cespedes and Defendants EMBASSY, AHL and US BANK's representation to Plaintiff that they had accurately and truthfully completed or supervised the completion of the URLA was a material fact in that the Plaintiff would not have conducted himself or gone through with the transaction as Plaintiff did had he known or become aware of Defendants' obfuscations and true intentions. Mr. Cespedes and Defendants EMBASSY, AHL and US BANK's misrepresentations as to their intentions materially induced the Plaintiff to enter into the mortgage loans obtained for her by Defendants, and the Plaintiff reasonably relied upon their false representations.

102.    Mr. Cespedes and Defendants EMBASSY, AHL and US BANK directed, supervised, or directly or indirectly assented to the fraudulent inducement.

103.    As a direct result of these Defendants' fraudulent inducement, the Plaintiff will continue to suffer considerable damages and injuries.

WHEREFORE, Plaintiff respectfully requests that this Court award him damages in the amount of $400,000.00, or the amount of the foreclosure sale that is threatened to be conducted on October 16, 2009, plus reasonable attorney's fees, costs, and punitive damages, all as determined by a jury.

**COUNT VII**
(Broker's Fraud In the Origination of the Loan Application – Unfair and Deceptive Trade Practices)
Maryland Consumer Protection Act (Md. Code Ann. Comm. Law §13-301)

104.    Plaintiff realleges, reaffirms and incorporates the allegations contained in paragraphs 1 through 103 of the Complaint as if stated fully herein.

105.    Pursuant to Maryland Consumer Protection Act (Md. Code Ann. Comm. Law §13-301), Mr. Cespedes and Defendant EMBASSY were prohibited from engaging in unfair and deceptive trade practices.

21

106.     Defendant EMBASSY, by an through its agents, servants and employees, including Mr. Cespedes, engaged in unfair and deceptive trade practices when on Plaintiff's URLA, Mr. Cespedes inflated Plaintiff's monthly gross income by approximately $5,399.00 and embellished his asset information, thus creating false and misleading written statements that Plaintiff would rely on when he consented to allow Mr. Cespedes and/or Defendant EMBASSY to solicit a mortgage loan offer from Defendant AHL on his behalf.

107.     Mr. Cespedes failed to disclose to Plaintiff that he had altered Plaintiff's income and asset information. Instead, he allowed Plaintiff to trust him and rely on the fact that he had completed the URLA using the specific income and asset information that Plaintiff had presented to Mr. Cespedes during the interview.

108.     Mr. Cespedes had actual knowledge of the fact that the information he reported on Plaintiff's URLA was fraudulent and therefore deceptive and misleading as Mr. Cespedes was the individual that prepared the URLA.

109.     The URLA that Plaintiff signed for each loan contains the date of closing instead of the date of the loan application interview, which raises the question of whether the URLA that was prepared at the time of Plaintiff's interview was the same URLA she signed at closing, or alternatively, whether the URLA prepared during the interview contained the same information as the URLA that Plaintiff signed at closing. Further, if Plaintiff signed the URLA prior to obtaining loan approval, she should not have been required to sign another URLA at closing.

                    MARGARITO CRUZ,
                    MARIA B. AMAYA &
                    FELIX ARTEAGA

            By Counsel,

                    Property & Estate Law, PLC

22

By: _____

Jose Martin Blanco, #17586
Property & Estate Law, PLC
1950 Old Gallows Road, Suite 220
Vienna, VA 22182
(703) 621-3333 (office)
(703) 621-3332 (fax)
(240) 776-4444 (MD)
jblanco@propertyestatelaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint has been delivered via certified first-class mail this 20th day of November, 2009, to all scheduled creditors and the following:

US Bank, N.A.
800 Nicollet Mall
Minneapolis, MN 55402

Served:        Richard Davis, CEO
                800 Nicollet Mall
                Minneapolis, MN 55402

                Andrew Cecere, CFO
                800 Nicollet Mall
                Minneapolis, MN 55402

Accredited Home Lenders, Inc.
P.O. Box 501910
San Diego, CA 92150

Registered Agent:    The Corporation Trust Incorporated
                          300 E. Lombard Street
                          Baltimore, MD 21202

Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass Through Certificate Series 2007-AMC1 fka Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass Through Certificate Series 2007-AHL1
390 Greenwich Street
New York, NY 10013

Served:        Citigroup Mortgage Loan Trust, Inc. 2007-AMC1
                390 Greenwich Street
                New York, NY 10013

Wells Fargo Bank, N.A.
P.O. Box 4900-Dept. 303
Scottsdale, AZ 85261

Served:        John G. Stumpf
                420 Montgomery Street
                San Francisco, CA 94104

                Paul Ackerman
                420 Montgomery Street
                San Francisco, CA 94104

. Embassy Mortgage, Inc.
8807 Colesville Road, 4th Floor
Silver Spring, MD 20910

Registered Agent:      Jon D. Pels
                       51 Monroe Street, Suite 1800
                       Rockville, MD 20850

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Reston, VA 20190

Served:        R.K. Arnold
               1818 Library Street, Suite 300
               Reston, VA 20190

               Dan McLaughlin
               1818 Library Street, Suite 300
               Reston, VA 20190

Buonassissi, Henning & Lash, P.C.
1861 Wiehle Avenue, Suite 300
Reston, VA 20190

Registered Agent:      Richard A. Lash, Esquire
                       1861 Wiehle Avenue, Suite 300
                       Reston, VA 20190

UNIVERSAL TITLE OF VIRGINIA
76111 Little Turnpike Suite 201W
Annandale, VA 22003

Serve: David V. Mason
               7611 Little Turnpike Suite 201W
               Annandale, VA 22003

Buonassissi, Henning & Lash, P.C.
1861 Wiehle Avenue, Suite 300
Reston, VA 20190

Registered Agent:      Richard A. Lash, Esquire
                       1861 Wiehle Avenue, Suite 300
                       Reston, VA 20190

America's Servicing Company
19785 W. 12 Mile Road
Southfield, MI 48076

03/09/2010  9:11AM (GMT-06:00)

Served:       Urika Ramseur
                  19785 W. 12 Mile Road #358
                  Southfield, MI 48076

                  John G. Stumpf
                  420 Montgomery Street
                  San Francisco, CA 94104

                  Paul Ackerman
                  420 Montgomery Street
                  San Francisco, CA 94104

/s/ Jose Martin Blanco
Jose Martin Blanco, Esquire

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues raised herein triable by jury.

/s/ Jose Martin Blanco
Jose Martin Blanco, Esquire

## Rule 1-313 Certification

I, Jose Martin Blanco, Esquire, attorney for Margarito Cruz, Maria Amaya and Felix Arteaga, Plaintiffs, hereby certify that I am admitted to practice law in the State of Maryland.

/s/ Jose Martin Blanco
Jose Martin Blanco, Esquire

03/09/2010   9:11AM (GMT-06:00)